**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARYANNE CHAFFEE,                    Civil Action No. _1:20-cv-308_____
CHERYL A. DOUGHERTY,
DONNA J. MILLER and
TIMOTHY J. MILLER,

                    Plaintiffs,

        v.

RESCARE, INC.,

                    Defendant.            JURY TRIAL DEMANDED

## COMPLAINT

        Plaintiffs, Maryanne Chaffee, Cheryl A. Dougherty, Donna J. Miller and Timothy J. Miller, by undersigned counsel, file this Complaint and in support allege the following.

### I.  Jurisdiction

        1.      The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1) ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA") and 28 U.S.C. §§1331 and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II.  Venue

        2.      Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in a variety of counties in the Western District.

### III.  Administrative Remedies

        3.      Plaintiffs have satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

        a.      On August 15, 2017, Chaffee filed a timely charge with

the EEOC alleging age discrimination and dual filed a timely Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC) alleging age discrimination.

b.      The EEOC issued a Determination finding that Defendant violated Chaffee's rights to be free from age discrimination. (See Determination issued to Chaffee, attached as Exhibit 1).

c.      Chaffee received a Notification of Dismissal from the EEOC dated August 21, 2020, filed this case more than 60 days after filing of the EEOC charge, within 90 days of receipt of the Notification of Dismissal and more than one year after filing her PHRC complaint.

d.      On August 15, 2017, Dougherty filed a timely charge with the EEOC alleging age discrimination and dual filed a timely Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC) alleging age discrimination.

e.      The EEOC issued a Determination finding that Defendant violated Dougherty's rights to be free from age and disability discrimination. (See Determination issued to Dougherty, attached as Exhibit 2).

f.      Dougherty received a Notification of Dismissal from the EEOC dated August 5, 2020, filed this case more than 60 days after filing of the EEOC charge, within 90 days of receipt of the Notification of Dismissal and more than one year after filing her PHRC complaint.

g.      On August 15, 2017, D. Miller filed a timely charge with the EEOC alleging age discrimination and dual filed a timely Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC) alleging age discrimination.

h.      The EEOC issued a Determination finding that Defendant violated D. Miller's rights to be free from age discrimination. (See Determination issued to D. Miller, attached as Exhibit 3).

i.      D. Miller received a Notification of Dismissal from the EEOC dated August 5, 2020, filed this case more than

60 days after filing of the EEOC charge, within 90 days of receipt of the Notification of Dismissal and more than one year after filing her PHRC complaint.

j.     On August 15, 2017, T. Miller filed a timely charge with the EEOC alleging age discrimination and dual filed a timely Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC) alleging age discrimination.

k.     The EEOC issued a Determination finding that Defendant violated T. Miller's rights to be free from age and disability discrimination.   (See Determination issued to T. Miller, attached as Exhibit 4).

l.     T. Miller received a Notification of Dismissal from the EEOC dated July 29, 2020, filed this case more than 60 days after filing of the EEOC charge, within 90 days of receipt of the Notification of Dismissal and more than one year after filing his PHRC complaint.

### V.  Parties

4.     Chaffee is an adult individual who resides in Erie County, Pennsylvania.

5.     Dougherty is an adult individual who resides in Erie County, Pennsylvania.

6.     D. Miller is an adult individual who resides in Crawford County, Pennsylvania.

7.     T. Miller is an adult individual who resides in Erie County, Pennsylvania.

8.     Defendant, ResCare, Inc., has its principal place of business at 805 N. Whittington Parkway, Suite 400, Louisville, KY 40222.

9.     At all times relevant hereto, Defendant is and was an employer within the meaning of the ADEA, 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than 20 employees.

10.     At all times relevant hereto, Defendant is and was an employer within the meaning of the ADA, 42 U.S.C. §12111 and (5)(A), in that it is engaged in an industry

3

affecting interstate commerce and employs more than 15 employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

11.     At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V.  Facts

### Chaffee

12.     Chaffee applied for the position of Center Manager – Erie on June 14, 2017 at the age of 60.

13.     Chaffee was qualified for the position of Center Manager – Erie because of her twelve years of experience in Workforce programming during which she performed duties and a Case Manager, Supervisor and the last two years as a Program Manager for the last three predecessors of Defendant, Erie School District, Venango Training and Development Center and Greater Erie Community Action Committee.

14.     Despite Chaffee's qualifications, Defendant hired a significantly younger individual who was less qualified and had no Program or Center Manager experience.

15.     Defendant did not provide Chaffee with any reason for denying Chaffee the Center Manager – Erie position.

### Dougherty

16.     Dougherty applied for the positions of Talent Development Specialist, Talent Engagement Specialist and Talent Engagement Facilitator in June 2017 at the age of 59.

17.     Dougherty is disabled, has a record of a disability and/or is perceived as

4

disabled due to her having permanent nerve damage in her lower spine necessitating the use of a cane and/or walker.

18.     Dougherty was qualified for the positions of Talent Development Specialist, Talent Engagement Specialist and Talent Engagement Facilitator because of her prior twelve years of work experience in Workforce Development with three of Defendant's predecessors, Partners for Performance, Venango Training and Development Center and Greater Erie Community Action Committee.

19.     Despite Dougherty's qualifications, Defendant hired approximately 17 individuals, most of whom were significantly younger individuals who were less qualified with no known disabilities, for the position of Talent Development Specialist.

20.     Despite Dougherty's qualifications, Defendant hired approximately 8 individuals, most of whom were significantly younger individuals who were less qualified with no known disabilities, for the position of Talent Engagement Specialist.

21.     Despite Dougherty's qualifications, Defendant hired approximately 5 individuals, all of whom were significantly younger individuals who were less qualified with no known disabilities, for the position of Talent Engagement Facilitator

22.     Defendant did not provide Dougherty with any reason for denying her the Talent Development Specialist, Talent Engagement Specialist and Talent Engagement Facilitator positions.

**D. Miller**

23.     D. Miller applied for the positions of Talent Development Specialist and Talent/Youth Development Specialist on June 12, 2017 at the age of 54.

24.     D. Miller was qualified for the positions of Talent Development Specialist

and Talent/Youth Development Specialist because of her two years of experience as a Career Services Counselor with two of Defendant's predecessors, Venango Training and Development Center and Greater Erie Community Action Committee.

25.     Despite D. Miller's qualifications, Defendant hired approximately 5 individuals, most of whom were significantly younger and less qualified, for the position of Talent Development Specialist.

26.     Despite D. Miller's qualifications, Defendant hired approximately 16 individuals, most of whom were significantly younger and less qualified, for the position of Talent/Youth Development Specialist.

27.     Defendant did not provide D. Miller with any reason for denying her the Talent Development Specialist or the Talent/Youth Development Specialist positions.

**T. Miller**

28.     T. Miller applied for the positions of Talent Engagement Specialist, Talent Engagement Facilitator, Talent Development Specialist and Talent Development Facilitator in June 2017 at the age of 62.

29.     T. Miller is disabled, has a record of a disability and/or is perceived as disabled due to his having shoulder and back impairments.

30.     T. Miller was qualified for the positions of Talent Engagement Specialist, Talent Engagement Facilitator, Talent Development Specialist and Talent Development Facilitator because of his past work experience in a variety of careers such as police officer, deputy sheriff, transportation supervisor, plant technician, restaurant manager, substance abuse counselor, juvenile probation officer, correctional transport officer, correctional probation officer, safety investigator and teacher, in addition to his five years

6

of experience as an Outreach Case Manager and Security Greeter with two of Defendant's predecessors, Greater Erie Community Action Committee and Partners for Performance.

31.    Defendant did not grant T. Miller an interview.

32.    Despite T. Miller's qualifications, Defendant hired approximately 8 individuals, most of whom were significantly younger and less qualified with no known disabilities, for the position of Talent Engagement Specialist.

33.    Despite T. Miller's qualifications, Defendant hired approximately 5 significantly younger individuals who were less qualified with no known disabilities, for the position of Talent Engagement Facilitator.

34.    Despite T. Miller's qualifications, Defendant hired approximately 5 significantly individuals who were less qualified with no known disabilities, for the position of Talent Development Specialist.

35.    Despite T. Miller's qualifications, Defendant hired approximately 16 significantly younger individuals who were less qualified with no known disabilities, for the position of Talent Development Facilitator.

36.    Defendant did not provide T. Miller with any reason for denying him the Talent Engagement Specialist, Talent Engagement Facilitator, Talent Development Specialist and Talent Development Facilitator positions.

### Count I – ADEA
### Chaffee v. ResCare, Inc.

37.    Plaintiffs incorporate paragraphs 1 through 36 as though the same had been fully set forth at length herein.

38.    Defendant failed to hire Chaffee because of her age, in violation of the Age

7

Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

39.     Defendant's violation of the ADEA was willful.

WHEREFORE, Chaffee demands judgment as follows:

a.      That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.      That Defendant be required to provide Plaintiff with front pay;

d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.      That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

f.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count II – ADEA**
**Dougherty v. ResCare, Inc.**

40.     Plaintiffs incorporate paragraphs 1 through 39 as though the same had been fully set forth at length herein.

8

41.     Defendant failed to hire Dougherty because of her age, in violation of the

Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

42.     Defendant's violation of the ADEA was willful.

WHEREFORE, Dougherty demands judgment as follows:

a.     That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.     That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.     That Defendant be required to provide Plaintiff with front pay;

d.     That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.     That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

f.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count III – ADEA**
**D. Miller v. ResCare, Inc.**

43.     Plaintiffs incorporate paragraphs 1 through 42 as though the same had

9

been fully set forth at length herein.

44.     Defendant failed to hire D. Miller because of her age, in violation of the Age

Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

45.     Defendant's violation of the ADEA was willful.

WHEREFORE, D. Miller demands judgment as follows:

a.     That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.     That Defendant be required to compensate Plaintiff for the full value of wages, she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.     That Defendant be required to provide Plaintiff with front pay;

d.     That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.     That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

f.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count IV – ADEA**
**T. Miller v. ResCare, Inc.**

46.     Plaintiffs incorporate paragraphs 1 through 45 as though the same had been fully set forth at length herein.

47.     Defendant failed to hire T. Miller because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

48.     Defendant's violation of the ADEA was willful.

WHEREFORE, T. Miller demands judgment as follows:

a.      That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.      That Defendant be required to provide Plaintiff with front pay;

d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.      That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

f.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count V – ADA
## Dougherty v. ResCare, Inc.

49.    Plaintiffs incorporate paragraphs 1 through 48 as though the same had been fully set forth at length herein.

50.    Dougherty is a qualified individual with a disability within the meaning of the ADA.

51.    Defendant failed to hire Dougherty because of her disability, record of disability and/or perceived disability in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a).

52.    Defendant's failure to hire Dougherty because of her disability, record of disability and/or perceived disability was undertaken with reckless indifference to Dougherty's federally protected right to be employed without regard for her disability.

53.    As a direct result of Defendant's discriminatory actions in violation of the ADA, Dougherty has lost wages and other economic benefits, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Dougherty requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Americans with Disabilities Act;

    b.    That Defendants be ordered to reinstate Plaintiff and provide Plaintiff accumulated seniority, fringe benefits and all other rights;

    c.    That Defendants be required to compensate Plaintiff for the full value of wages Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in

addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.      That the Court award Plaintiff compensatory damages as a result of Defendants' violations of the Americans with Disabilities Act;

e.      That the Court award Plaintiff punitive damages as a result of Defendants' violations of the Americans with Disabilities Act;

f.      That Defendants be enjoined from discriminating against Plaintiff in any manner that violates the Americans with Disabilities Act;

g.      That Plaintiff be awarded against Defendants the costs and expenses of this litigation and a reasonable attorney fee; and

h.      That the Court grant Plaintiff additional relief as may be just and proper.

**Count VI – ADA**
**T. Miller v. ResCare, Inc.**

54.     Plaintiffs incorporate paragraphs 1 through 53 as though the same had been fully set forth at length herein.

55.     T. Miller is a qualified individual with a disability within the meaning of the ADA.

56.     Defendant failed to hire T. Miller because of his disability, record of disability and/or perceived disability in violation of Section 102(a) of the ADA, 42 U.S.C. §12112(a).

57.     Defendant's failure to hire T. Miler because of his disability, record of disability and/or perceived disability was undertaken with reckless indifference to Dougherty's federally protected right to be employed without regard for his disability.

58.     As a direct result of Defendant's discriminatory actions in violation of the

ADA, T. Miller has lost wages and other economic benefits, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, T. Miller requests the following:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Americans with Disabilities Act;

b.    That Defendants be ordered to reinstate Plaintiff and provide Plaintiff accumulated seniority, fringe benefits and all other rights;

c.    That Defendants be required to compensate Plaintiff for the full value of wages Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.    That the Court award Plaintiff compensatory damages as a result of Defendants' violations of the Americans with Disabilities Act;

e.    That the Court award Plaintiff punitive damages as a result of Defendants' violations of the Americans with Disabilities Act;

g.    That Defendants be enjoined from discriminating against Plaintiff in any manner that violates the Americans with Disabilities Act;

g.    That Plaintiff be awarded against Defendants the costs and expenses of this litigation and a reasonable attorney fee; and

h.    That the Court grant Plaintiff additional relief as may be just and proper.

**Count VII – PHRA**
**Chaffee v. ResCare, Inc.**

59.    Plaintiffs incorporate paragraphs 1 through 58 as though the same had

been fully set forth at length herein.

60.     Defendant's failure to hire Chaffee was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

61.     As a direct result of Defendant's discriminatory actions in violation of the PHRA, Chaffee has lost wages and other economic benefits, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Chaffee demands judgment as follows:

a.     That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.     That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.     That Defendant be required to provide Plaintiff with front pay;

d.     That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

f.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA;

g.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count VIII – PHRA**
**Dougherty v. ResCare, Inc.**

62.    Plaintiffs incorporate paragraphs 1 through 61 as though the same had been fully set forth at length herein.

63.    Defendant's failure to hire Dougherty was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

64.    As a direct result of Defendant's discriminatory actions in violation of the PHRA, Dougherty has lost wages and other economic benefits, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Dougherty demands judgment as follows:

a.    That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.    That Defendant be required to provide Plaintiff with front pay;

d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

f.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA;

g.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count IX – PHRA**
**D. Miller v. ResCare, Inc.**

65.      Plaintiffs incorporate paragraphs 1 through 64 as though the same had been fully set forth at length herein.

66.      Defendant's failure to hire D. Miller was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

67.      As a direct result of Defendant's discriminatory actions in violation of the PHRA, D. Miller has lost wages and other economic benefits, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, D. Miller demands judgment as follows:

a.      That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.      That Defendant be required to provide Plaintiff with front pay;

d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

f.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA;

g.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count X – PHRA
## T. Miller v. ResCare, Inc.

68.    Plaintiffs incorporate paragraphs 1 through 67 as though the same had been fully set forth at length herein.

69.    Defendant's failure to hire T. Miller was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) *et seq.*

70.    As a direct result of Defendant's discriminatory actions in violation of the PHRA, T. Miller has lost wages and other economic benefits, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, T. Miller demands judgment as follows:

a.    That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.      That Defendant be required to provide Plaintiff with front pay;

d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

f.      That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the PHRA;

g.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Colleen Ramage Johnston*
Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Johnston Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700

Attorneys for Plaintiffs,
Maryanne Chaffee,
Cheryl A. Dougherty,
Donna J. Miller and
Timothy J. Miller